Reese, J.
delivered the opinion of the court.
The defendant in error sued the plaintiff in error, to recov-ed a sum of money due to them by note. This note had been some years before this suit was brought, placed in the hands of one Gillespie, an attorney, for collection. He did not bring suit; but he received from Kenny certain claims due to Kenny from third persons for collection, and promised him that when collected they should be applied to the satisfaction of the claims against Kenny in his hands for collection. It. seems that Gillespie gave to his clients in the first, transaction, Hazeltine, Haddock, & Co. no notice of this arrangement. He did transmit to them certain funds thus received as money collected from Kenny, and received a portion of the amount which he'did not transmit. Upon this matter the controversy in the present case has arisen. The principle of the case of Cooney vs. Wade, (4th Hum. 444,) determines that Gillespie had no authority to bind his principals by the arrangement spoken of; and it is scarcely contended here that he had. But it is contended that the reception of the money by Gillespie upon the claims placed in his hands by Kenny was per se a payment under the circumstances by Kenny and that the money became eo instanti, the money of Hazeltine, Haddock, & Co., and of course remained at their *64 risk in the hands of Gillespie. We do not yield our assent to this view of the matter. The power to collect the funds in question was derived from Kenny, not. from Hazeltine, Haddock, & Co. In such collection Gillespie acted as Kenny’s attorney and when he received the money it was the money of Kenny. It did not, by the mere act of reception, become the money of Hazeltine, Haddock, & Co. To make it so, some act of application or appropriation to the claim of Hazeltine, Haddock, & Co. by Kenny and Gillespie or by one or the other of them, was necessary. No such act is proved in the record. No receipt was taken by Kenny or given by Gillespie indicating its actual application as a payment upon the claim of Hazeltine, Haddock, & Co. in his hands, or other equivalent act of such application. Upon this matter we perceive no error in the charge of the court. Of course, we affirm the judgment.